HOFFMAN EMPLOYMENT LAWYERS, P.C.
Michael Hoffman SBN 154481
mhoffman@employment-lawyers.com
Stephen Noel Ilg SBN 275599
silg@employment-lawyers.com
580 California Street, Suite 1600
San Francisco, CA 94104
Tel.: 415.362.1111
Fax: 415.362.1112

Attorneys for Plaintiff Margaret Nalley

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

MARGARET NALLEY, as an individual,

           Plaintiffs,

vs.

VALEANT PHARMACEUTICALS
NORTH AMERICA, a Delaware
corporation, VALEANT
PHARMACEUTICALS
INTERNATIONAL, a Delaware
corporation, and DOES 1 through 100,
inclusive,

           Defendants.

Case No. 3:16-CV-03835-EDL

SECOND AMENDED COMPLAINT

## **INDIVIDUAL**

1. **UNLAWFUL RETALIATION IN VIOLATION OF PUBLIC POLICY** (Lab. Code §§ 98.6, 232, 232.5, 1102.5; *Tameny v. Atlantic Richfield Company*);
2. **UNLAWFUL RETALIATION DUE TO PROTECTED CHARACTERISTIC** (Gov't. Code § 12940 *et seq.*);
3. **DISABILITY DISCRIMINATION AND HARASSMENT** (Gov't. Code § 12940 *et seq.*);
4. **FAILURE TO PREVENT AND INVESTIGATE DISCRIMINATION AND HARASSMENT** (Gov't. Code § 12940 *et seq.*; *Tameny v. Atlantic Richfield Company*);
5. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**
6. **UNFAIR BUSINESS PRACTICES** (Bus. & Prof. Code § 17200 *et seq.*); and
7. **FAILURE TO PAY FINAL WAGES ON TIME** (Lab. Code § 201 *et seq.*).

## **JURY TRIAL DEMANDED**

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

This Complaint is brought by Plaintiff Margaret Nalley ("Plaintiff" and/or "Ms. Nalley"), as an individual, against her former employers, Defendant Valeant Pharmaceuticals North America ("Valeant"), Defendant Valeant Pharmaceuticals International ("Valeant Int'l"), and DOES 1-100, inclusive ("Doe Defendants") (collectively "Defendants"), and hereby demands a jury trial on all causes of action.  Plaintiff alleges the following:

## PLAINTIFF

1.    At all times material herein, Plaintiff Nalley was and is a competent adult and resident of the State of California, Shasta County.  Plaintiff began working for Defendants in 2008. While working for Defendants, Plaintiff's job duties included but were not limited to: helping manufacture tools used during surgery.

## DEFENDANTS

2.    At all times material herein, Defendant Valeant was and is a Delaware corporation registered to do business in the State of California, including but not limited to conducting business within Sonoma County, with its corporate headquarters located in Aliso Viejo, California.  Defendant Valeant is in the healthcare industry.  On information and belief, Defendant Valeant manufactures tools used during surgery. At all relevant times alleged herein, Plaintiff is informed and believes that Defendants are authorized to and do conduct business in the State of California in the healthcare industry, including but not necessarily limited to Petaluma and Irvine, California.

3.    At all times material herein, Defendant Valeant Int'l was and is a Delaware corporation registered to do business in the State of California, including but not limited to conducting business within Sonoma County County, with its corporate headquarters located in Bridgewater, New Jersey.  Defendant Valeant Int'l is in the healthcare industry.  On information and belief, Defendant Valeant Int'l manufactures tools used during surgery. At all relevant times alleged herein, Plaintiff is informed and believes that Defendants are authorized to and do conduct business in the State of California in the healthcare industry, including but not necessarily limited to Petaluma and Irvine, California.

*Nalley v. Valeant Pharmaceuticals*
Second Amended Complaint

**HOFFMAN EMPLOYMENT LAWYERS**
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

4.     Plaintiff is informed and believes and thereon alleges that Defendant Valeant Int'l, while contracting with Defendant Valeant, retained sufficient control of the wages, hours, and conditions of employment of Plaintiff in doing the acts hereinafter alleged, and that each corporation is liable under California and federal law for the damages sustained by Plaintiff. Defendants worked together to control the wages, hours, and working conditions of Plaintiff..

5.     The defendants identified as DOES 1 through 100, inclusive, were, at all times herein-mentioned, agents, business affiliates, successors- and/or predecessors-in-interest, officers, directors, partners, and/or managing agents of some or each of the remaining defendants. Plaintiff is informed and believes and, on that basis, alleges that, at all times herein-mentioned, each of the defendants identified as DOES 1 through 100, inclusive, employed, and/or exercised control over the wages, hours, and/or working conditions of Plaintiff at various California locations, as identified in the preceding paragraph. In doing the acts herein alleged, each Defendant is liable and responsible to Plaintiff for the acts of every other Defendant. The true names and capacities of the Doe Defendants, whether individual, corporate, associate or otherwise, are unknown to Plaintiff who therefore sues such Doe Defendants by fictitious names pursuant to California Code of Civil Procedure §474.  Plaintiff is informed and believes that the Doe Defendants are residents of the State of California.  Plaintiff will amend this complaint to show such Doe Defendants' true names and capacities when they are known.

6.     Plaintiff is informed and believes and thereon alleges that, unless otherwise indicated, each Defendant was the agent and/or employee of every other Defendant within the course and scope of said agency and/or employment, with the knowledge and/or consent of said Defendant.

7.     Plaintiff is informed and believes and thereon alleges that Valeant Pharmaceuticals North America and Valeant Pharmaceuticals International, and each of them, were her employers under California law, that all Defendants herein did acts consistent with the existence of an employer-employee relationship with Plaintiff. Moreover, all of the Plaintiff and Defendants were controlled, directly or indirectly, by Valeant Pharmaceuticals International.

## JURISDICTION AND VENUE

-3-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

8.      This Court is the proper Court, and this action is properly filed in the SUPERIOR COURT OF THE STATE OF CALIFORNIA for the COUNTY OF SONOMA, because Defendant Valeant transacts business within this county at Petaluma.  Plaintiff performed work for Defendants and experienced the legal violations that are the subject of this Complaint in the COUNTY OF SONOMA.

9.      This Court has jurisdiction over the Plaintiff's claims for unpaid wages, interest thereon, related penalties, injunctive and other equitable relief,  and attorneys' fees and costs pursuant to, *inter alia*., the Labor Code sections and other statutes cited herein.

10.      This Court also has jurisdiction over the Plaintiff's claims for injunctive relief and restitution of ill-gotten benefits arising from Defendants' unlawful, unfair, and/or fraudulent business practices under California Business and Professions Code §§ 17200-17208.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11.      Defendants regularly and systematically do business in the State of California and is subject to suit under the Fair Employment and Housing Act ("FEHA") in that Defendants regularly employ five or more persons.

12.      Plaintiff timely filed a charge of discrimination, failure to investigate discrimination and retaliation against Defendant with the California Department of Fair Employment and Housing ("DFEH"), on June 5, 2016 and received a notice of right to sue from the DFEH pursuant to California Government Code §12965(b) on June 5, 2016.  Plaintiff filed this action within one year of the date of her DFEH right-to-sue letter(s); therefore, administrative remedies have been properly exhausted.

13.      Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

14.      The California Workers' Compensation Act does not preempt this action because Defendants' unlawful practices, as alleged herein, are not risks or conditions of employment. Plaintiff is not required to satisfy any further private, administrative, or judicial prerequisites to the institution of this action, insofar as such prerequisites pertain to any of the remaining causes of action in this complaint.

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

## FACTS COMMON TO PLAINTIFF'S CAUSES OF ACTION

15.     Valeant misled Plaintiff into revealing her mental health disorder.   Valeant represented to Plaintiff that she needed to fill out a form describing her medical history for the purposes of the life insurance policy Plaintiff obtained through Valeant. The life insurance was important to Plaintiff to ensure her children would be financially supported if Plaintiff passed away. Plaintiff purchased additional life insurance at the end of 2015. At the beginning of 2016, Valeant told Plaintiff she needed to fill out a form describing her medical history for the purposes of obtaining life insurance. Because the life insurance was important for her children, Plaintiff completed the form. One of the questions was whether Plaintiff had a mental disorder. Plaintiff felt uncomfortable answering the question, but Valeant told Plaintiff she needed to complete the form then and there. Plaintiff did not feel comfortable answering the question but did so because she was too worried about what may happen to her children if she did not sign it and lost her life insurance.

16.     Subsequently, Plaintiff called the life insurance carrier to ask for a copy of the form. Plaintiff was informed that the insurance carrier had not requested the form and had not received any such form.

17.     Soon after this occurred, in early 2016, Defendant's employees began harassing and discriminating against Plaintiff on account of her disability. On February 26, Plaintiff complained to Patty in Valeant corporate human resources that she was being discriminated against: "I told her I was being harassed and I was being bullied." Plaintiff was told that this meeting would be confidential. Plaintiff then received a call from Laura Tippen, the head of human resources at Valeant, who told Plaintiff that "there was a lot of discrimination happening [at Valeant] and that they're not happy about it."

18.     Soon after this occurred—on that same day, February 26, 2016—Tom Akron, the manager of Valeant, stated to Angela Ward, a Valeant employee in St. Louis, that Plaintiff was "drugged up," "overmedicated," and "needs to be removed." Plaintiff also believes Akron stated this to Ward's boss, John Copeland, that same day.

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

19.     Plaintiff was then told to go home and get a doctor's note, because "they heard I was in a lot of pain. But I wasn't in any pain whatsoever. That's when Angela told me Tom said I was drugged up."

20.     Plaintiff worked for Valeant for another month after these events. On March 24, she was called into a meeting with John Copeland to discuss her disability and claims of discrimination. However, "He [Copeland] was nasty. He even laughed at me."

21.     Plaintiff then left her position at Valeant.

22.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, as described above, including loss of earnings for hours worked on behalf of Defendants, in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff is entitled to recover penalties/wages for failure to pay wages owed upon constructive termination (pursuant to California Labor Code §§ 201-204 and 227.3), for failure to provide semimonthly itemized wage statements of hours worked and all applicable hourly rates (pursuant to California Labor Code § 226 and/or 1174) in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff is also entitled to recover attorneys' fees, litigation costs, and restitution of ill-gotten gains, pursuant to statute.

### FIRST CAUSE OF ACTION BY PLAINTIFF
### UNLAWFUL RETALIATION IN VIOLATION OF PUBLIC POLICY
(Lab. Code §§ 98.6, 230, 232, 232.5, 1102.5; *Tameny v. Atlantic Richfield Company*)
(*On behalf of Plaintiff as an individual against all Defendants*)

23.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

24.     Under California law, there is a fundamental and well-established public policy against discrimination, harassment or retaliation based on disability.  Said public policy is embodied in the Constitution of the State of California and California Labor Code §§ 98.6, 230 [due to service as a jury member, witness, or for relief from domestic violence], 232 [due to

-6-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

disclosure of amount of wages], 232.5 [due to disclosure of working conditions] and other sections of the Labor Code.  Adverse employment actions taken by an employer motivated by disability of an employee are contrary to said public policy and are thus actionable under the common law of this state.

25.     California Labor Code § 98.6 provides, "(a) A person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter [i.e. Labor Code §§ 79-107], including the conduct described in subdivision (k) of Section 96, and Chapter 5 [i.e. Labor Code §§ 1101-1106]  (commencing with Section 1101) of Part 3 of Division 2, or because the employee or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights that are under the jurisdiction of the Labor Commissioner, made a written or oral complaint that he or she is owed unpaid wages, or because the employee has initiated any action or notice pursuant to Section 2699, or has testified or is about to testify in a proceeding pursuant to that section, or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her." Any person whose rights are violated according to Labor Code §98.6(a) "shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by those acts of the employer." Labor Code § 98.6(b)(1).

26.     "In addition to other remedies available, an employer who violates this section is liable for a civil penalty not exceeding ten thousand dollars ($10,000) per employee for each violation of this section, to be awarded to the employee or employees who suffered the violation." Labor Code § 98.6(b)(3).

27.     California Labor Code § 232 provides, "No employer may do any of the following: (a) Require, as a condition of employment, that an employee refrain from disclosing the amount of his or her wages. (b) Require an employee to sign a waiver or other document that purports to deny the employee the right to disclose the amount of his or her wages. (c) Discharge, formally

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

discipline, or otherwise discriminate against an employee who discloses the amount of his or her wages."

28.     California Labor Code §232.5 provides, "No employer may do any of the following: (a) Require, as a condition of employment, that an employee refrain from disclosing information about the employer's working conditions. (b) Require an employee to sign a waiver or other document that purports to deny the employee the right to disclose information about the employer's working conditions. (c) Discharge, formally discipline, or otherwise discriminate against an employee who discloses information about the employer's working conditions. (d) This section is not intended to permit an employee to disclose proprietary information, trade secret information, or information that is otherwise subject to a legal privilege without the consent of his or her employer."

29.     California Labor Code § 1102.5(b) provides: "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information…to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance…if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties." Under California law, discharge of an employee perceived to have reported an alleged violation of a statute or regulation violates public policy, even if the employee did not actually make the report. Under Diego, perceived whistleblowers are also protected from retaliatory discharge as are employees who report suspected violations to other employees. Section 1102.5(f) provides that "in addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation" of Labor Code §1102.5.

30.     California Labor Code § 1102.6, "In a civil action or administrative proceeding brought pursuant to Section 1102.5, once it has been demonstrated by a preponderance of the evidence that an activity proscribed by Section 1102.5 was a contributing factor in the alleged prohibited action against the employee, the employer shall have the burden of proof to

-8-

demonstrate by clear and convincing evidence that the alleged action would have occurred for legitimate, independent reasons even if the employee had not engaged in activities protected by Section 1102.5."

31.    California Labor Code § 1102.8 provides, "An employer shall prominently display in lettering larger than size 14 point type a list of employees' rights and responsibilities under the whistleblower laws, including the telephone number of the whistleblower hotline described in Section 1102.7."

32.    California Labor Code § 1104 provides, "In all prosecutions under this chapter [i.e. Labor Code §§ 1100-1106], the employer is responsible for the acts of his managers, officers, agents, and employees."

33.    Plaintiff was constructively terminated from her employment with Defendants based upon Defendants' violation of public policy in retaliating against Plaintiff on account of her disability and for seeking workers compensation and accommodations.

34.    Plaintiff is informed and believes and, based thereon, alleges that Defendants' conduct, as described herein, was substantially motivated by Plaintiff's opposition to and/or reporting of the actual and/or perceived violations described herein.

35.    Plaintiff is informed and believes and, based thereon, alleges that all Defendants, including the Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

36.    The conduct of Defendants described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

37.    As a proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer, substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, stock options, and other employment benefits; and has suffered, and continues to suffer, emotional distress in an amount according to proof at the time of trial.

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

38.     Defendant created a situation that was unbearable for Plaintiff. Indeed, her own supervisors called her "drugged out" and stated that she needs to be removed.

39.     Defendants, through their officers, managing agents, and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above.  By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial, as well as attorneys' fees and costs, pursuant to statute.

## SECOND CAUSE OF ACTION
### UNLAWFUL RETALIATION DUE TO PROTECTED CHARACTERISTIC
(Gov't. Code § 12940 *et seq.*; *Tameny v. Atlantic Richfield Company*)
(*On behalf of Plaintiff against all Defendants*)

40.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

41.     This cause of action is brought on behalf of Plaintiff.

42.     Under the FEHA and the common law of the State of California, it is an unlawful employment practice to retaliate against employees for based on a disability.

43.     Under California law, there is a fundamental and well-established public policy against discrimination, harassment or retaliation based on disability.  Said public policy is embodied in the Constitution of the State of California and California Gov't. Code § 12940 and other provisions of law.  Adverse employment actions taken by an employer motivated by an employee's reporting of discrimination, harassment, or other suspected legal violations are contrary to said public policy and are thus actionable under the common law of this state.

44.     As set forth above, Defendant retaliated against her for because of her disability. Defendants' conduct violates California public policy expressed in the FEHA.

45.     Plaintiff is informed and believes and, based thereon, alleges that Defendants' conduct, as described herein, was substantially motivated by Plaintiff's disability.

46.     Plaintiff is informed and believes and, based thereon, alleges that all Defendants, including the Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

47.     As a proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer damages in an amount subject to proof, but which are in excess of the jurisdictional minimum of this Court, and which include, but are not limited to, humiliation, depression, anxiety, loss of sleep, loss of appetite, loss of hair, and body-aches in addition to their monetary damages.

48.     Plaintiff is informed and believes, and based thereon allege, that the conduct of Defendant as alleged herein was malicious, oppressive, in conscious disregard of Plaintiff's rights, and with the purpose and intent of harming and injuring Plaintiff and defrauding Plaintiff out of benefits and compensation to which she/they were rightfully entitled, and therefore constitutes "malice" as that term is defined in California Civil Code Section 3294, entitling Plaintiff to punitive and exemplary damages according to proof, as well as attorneys' fees and costs, pursuant to statute.

49.     Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights.  Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

### THIRD CAUSE OF ACTION BY PLAINTIFF
### DISABILITY DISCRIMINATION AND HARASSMENT
(California Gov't Code §12940 *et seq.*; *Tameny v. Atlantic Richfield Company*)
(*On behalf of Plaintiff against all Defendants*)

50.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

51.     Under the Fair Employment and Housing Act ("FEHA"), it is an unlawful employment practice to discriminate against or harass employees on the basis of disability.  Under California law, there is a fundamental and well-established public policy against disability discrimination.  Said public policy is embodied in the Constitution of the State of California and California Statutory law, including but not limited to Gov't. Code § 12940.  Jurisdiction is invoked in this court pursuant to the FEHA and the public policy and common law of the State of

*Nalley v. Valeant Pharmaceuticals*
Second Amended Complaint

California, pursuant to the case of *Tameny v. Atlantic Richfield* Company (1980) 27 Cal. 3d 167 and *Rojo v. Kliger* (1990) 52 Cal. 3d 65.

52.     Defendant regularly and systematically does business in the State of California and is subject to suit under the California Fair Employment and Housing Act, Government Code Section 12900 *et seq.* ("FEHA"), in that Defendant regularly employed five or more persons. With respect to harassment pursuant to Section 12940(j) specifically, "employer" includes "any person regularly employing one or more persons or regularly receiving the services of one or more persons providing services pursuant to a contract, or any person acting as an agent of an employer, directly or indirectly, the state, or any political or civil subdivision of the state, and cities." California Gov't Code § 12940(j)(4).

53.     California Government Code § 12940(a) provides: It is an unlawful employment practice: "For an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

54.     California Government Code § 12940(a) provides: It is an unlawful employment practice: "For an employer, … or any other person, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status, to harass an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract. Harassment of an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action. An employer may also be responsible for the acts of nonemployees, with respect to sexual

**HOFFMAN EMPLOYMENT LAWYERS**
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

harassment of employees, applicants, unpaid interns or volunteers, or persons providing services pursuant to a contract in the workplace, where the employer, or its agents or supervisors, knows or should have known of the conduct and fails to take immediate and appropriate corrective action. In reviewing cases involving the acts of nonemployees, the extent of the employer's control and any other legal responsibility that the employer may have with respect to the conduct of those nonemployees shall be considered. An entity shall take all reasonable steps to prevent harassment from occurring. Loss of tangible job benefits shall not be necessary in order to establish harassment."

55.     Pursuant to California Government Code Section 12940(a), Defendant owed Plaintiff the duty not to constructively terminate her employment because of her disability and/or perceived disability, and not to discriminate against her in the terms and conditions of her employment.

56.     According to California Government Code § 12926(j), "'Mental disability' includes, but is not limited to, all of the following: (1) Having any mental or psychological disorder or condition, such as intellectual disability, organic brain syndrome, emotional or mental illness, or specific learning disabilities, that limits a major life activity. For purposes of this section:    (A) 'Limits' shall be determined without regard to mitigating measures, such as medications, assistive devices, or reasonable accommodations, unless the mitigating measure itself limits a major life activity.   (B) A mental or psychological disorder or condition limits a major life activity if it makes the achievement of the major life activity difficult.   (C) 'Major life activities' shall be broadly construed and shall include physical, mental, and social activities and working."

57.     As alleged above, Plaintiff was disabled in that she was diagnosed with a mental disorder.  Plaintiff's condition qualified as a disability pursuant to California Government Code Section 12940 *et seq.*

58.     Defendant was aware of Plaintiff's disability through discussions between Plaintiff and Defendants' management personnel.

-13-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

59.     At all times mentioned herein, Plaintiff was qualified for the position she held and was performing competently in the position.  Furthermore, Plaintiff was willing and able to perform the duties and essential functions of her position with or without a reasonable accommodation.

60.      Defendants' discriminatory actions against Plaintiff, as alleged above, including the constructive termination of her employment, constituted unlawful discrimination in employment on account of physical disability, in violation of California Government Code Section 12940.

61.     Defendants' actions against Plaintiff, as alleged above, constitute unlawful harassment, in violation of California Government Code Section 12940.

62.     This is a claim for relief arising from Defendants' causing, and its failure to prevent, disability discrimination and harassment against Plaintiff.

63.     Because of Defendants' failure to prevent disability discrimination, Plaintiff suffered adverse employment actions, including constructive termination.

64.     As a direct and proximate result of the actions of Defendants, including the discrimination and harassment against Plaintiff with respect to her employment, based upon her disability, Plaintiff has suffered and will continue to suffer pain and extreme and severe mental anguish and emotional distress.  Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits; whereby Plaintiff is entitled to general compensatory damages in amounts to be proven at trial. Defendants, through their officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct describe herein above.

65.     By discriminating against and harassing Plaintiff in violation of Government Code Section 12940, Defendant acted willfully, oppressively, maliciously and with conscious disregard for Plaintiff's rights, and with the intent to annoy, harass or injure Plaintiff, in violation of California Civil Code Section 3294, such that Plaintiff is entitled to recovery of punitive damages in an amount according to proof at trial.

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

66.     Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights.  Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

67.      Plaintiff seeks her attorneys' fees and costs pursuant to California Government Code Section 12965(b).

### FOURTH CAUSE OF ACTION
### FAILURE TO INVESTIGATE AND PREVENT
### DISCRIMINATION AND HARASSMENT

(Gov't. Code § 12940 *et seq.*; *Tameny v. Atlantic Richfield Company*)
(*On behalf of Plaintiff against all Defendants*)

68.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

69.     Under the FEHA, including California Government Code Section 12940(k), and the common law of the State of California, Defendant owes to Plaintiff a duty to take all reasonable steps necessary to investigate or prevent discrimination against Plaintiff on the basis of her disability.

70.     Plaintiff complained about the harassment and discrimination.  Nonetheless, Defendants did not investigate Plaintiff's complaints or take action to stop the harassment and discrimination.

71.     Despite Defendants' knowledge of Plaintiff's complaints, Defendant failed to take immediate and appropriate corrective action to prevent discrimination, retaliation, and harassment.  Defendant similarly failed to take all reasonable steps to prevent discrimination from occurring.  On information and belief, Defendant does not provide adequate anti-discrimination training to its workforce, which results in unlawful discrimination, unlawful harassment, unlawful retaliation and related violations against Plaintiff.

72.     As a result of Defendants' acts and omissions alleged above, Plaintiff suffered injuries and damages in an amount according to proof at trial.

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

73.     Plaintiff is informed and believes and thereon alleges that, as a direct and proximate result of Defendants' willful, knowing, and intentional wrongful conduct, Plaintiff has suffered and continues to suffer damages in an amount subject to proof, but which are in excess of the jurisdictional minimum of this Court, and which include, but are not limited to, mental distress, anguish, indignation, humiliation, depression, anxiety, fear, loss of sleep, loss of appetite, and body-aches. Plaintiff has also suffered from a loss of earnings, other employment benefits and job opportunities, accrued but unpaid salary bonuses and benefits (including pre-judgment interest thereon), front pay, back pay, severance pay, and other monetary damages.  Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial, in addition to attorneys' fees and costs.

74.     Plaintiff seeks attorneys' fees and costs pursuant to California Government Code Section 12965(b).

75.     Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights.  Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

<u>**FIFTH CAUSE OF ACTION**</u>
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
(Civ. Code)
(*On behalf of Plaintiff as an individual against all Defendants*)

76.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

77.     The conduct complained of hereinabove was outside the conduct expected to exist in the workplace, was intentional and done for the purpose of causing Plaintiffs to suffer humiliation, mental anguish, and emotional and physical distress. Defendants' conduct was done with the knowledge that Plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to Plaintiffs.

78.     As a proximate result of Defendants' intentional infliction of emotional distress as hereinabove alleged, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

anguish, and emotional and physical distress, and have been injured in mind and health.  As a result of said distress and consequent harm, Plaintiff has suffered such damages in an amount in accordance with proof at time of trial.

79.    Defendants, and each of them, engaging in the conduct as hereinabove alleged, acted oppressively and with reckless disregard of Plaintiff's rights and safety, and thereby entitling Plaintiffs to an award of punitive damages.

80.    Defendants, and each of them, authorized, ratified, knew of the wrongful conduct complained of herein, but failed to take immediate and appropriate corrective action to remedy the situation and thereby acted oppressively and with reckless disregard of Plaintiff's rights and safety, and thereby entitling Plaintiff to an award of punitive damages.

81.    Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

82.    As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages, including loss of earnings and earning potential, opportunities and other benefits of employment and employment opportunities and harm to her reputation, mental anguish, embarrassment, humiliation, and other emotional distress and/or medical and related expenses in an amount to be established at trial. As a result of this wrongful conduct, Plaintiff is entitled to attorneys' fees, costs, and injunctive relief.

83.    Moreover, in that, at all times referenced herein, Defendants intended to cause or acted with reckless disregard of the probability of causing injury to Plaintiff and, because said Defendants were guilty of oppressive, fraudulent, and/or malicious conduct, Plaintiff is entitled to an award of exemplary or punitive damages in an amount adequate to deter such conduct in the future, in addition to attorneys' fees and costs.

84.    Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights.  Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

*Nalley v. Valeant Pharmaceuticals*
Second Amended Complaint

**SIXTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES**
(Bus. & Prof. Code §§ 17200 *et seq.*)
(*On behalf of Plaintiff against all Defendants*)

85.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

86.    Plaintiff brings this cause of action as an individual.

87.    Defendants' violations of California law, including Defendants' violations of the Employment Laws and Regulations as alleged herein including, *inter alia*, Defendants' discrimination and harassment constitutes an unfair business practice in violation of California Business & Professions Code Section 17200 *et seq* because they were done repeatedly, over a significant period of time, and in a systematic manner to the detriment of Plaintiff.

88.    In addition, Plaintiff brings this cause of action seeking equitable and statutory relief to stop Defendants' misconduct, as complained of herein, and to seek restitution of the amounts Defendants acquired through the unfair, unlawful, and fraudulent business practices described herein.

89.    Defendants' knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Defendants conducted business activities while failing to comply with the legal mandates cited herein.

90.    As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits at Plaintiff's expense.

91.    Defendants have clearly established a policy of accepting a certain amount of collateral damage as incidental to its business operations, rather than accepting the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record. Defendants' policy is confirmed by Plaintiff's damages as herein alleged.

92.    Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief and other restitutionary relief, including but not limited to orders that

-18-

**HOFFMAN EMPLOYMENT LAWYERS**
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

Defendants account for and restore unlawfully withheld compensation to the Plaintiff and discontinue certain unlawful employment practices, conduct and implement adequate training, including the implementation of policies and procedures designed to prevent the unlawful conduct described herein. Defendants' unfair business practices also entitle Plaintiff to attorneys' fees and legal costs.

### SEVENTH CAUSE OF ACTION
### FAILURE TO PAY FINAL WAGES ON TIME
(Lab. Code §§ 201-204)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

93.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

94.     California Labor Code section 201 provides that all earned and unpaid wages of an employee who is discharged are due and payable immediately at the time of discharge.  Section 202 provides that all earned and unpaid wages of an employee who resigns are due and payable immediately if the employee provided at least seventy-two hours' notice; otherwise, wages of an employee who resigns are due within seventy-two hours of resignation.

95.     At all relevant times herein, Defendants failed to implement a policy and practice to pay Plaintiff, accrued wages and other compensation due immediately upon constructive termination or within seventy-two hours of resignation, as required by the California Labor Code. As a result, Plaintiff was not paid all compensation due immediately upon constructive termination or within seventy-two hours of resignation, as required by the California Labor Code.

96.     Plaintiff is not exempt from these requirements of the Employment Laws and Regulations.

97.     Based on Defendants' conduct as alleged herein, Defendants are liable for statutory penalties pursuant to California Labor Code § 203 and other applicable provision of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

### JURY DEMAND

Plaintiff hereby demands a jury trial on all issues and causes of action.

-19-

**HOFFMAN EMPLOYMENT LAWYERS**
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for the following forms of relief, as an individual:

1.　　For compensatory damages;

2.　　Compensation for all hours worked but not paid;

3.　　For general damages in amounts according to proof and in no event in an amount less than the jurisdictional limit of this court;

4.　　For special damages according to proof;

5.　　For punitive damages where allowed by law;

6.　　For restitution of all monies due to Plaintiff from the unlawful business practices of Defendants;

7.　　For penalties pursuant to Labor Code §§ 201, 202, 203, and any and all other provisions of the Labor Code referenced herein which provide for penalties as a result of the conduct alleged herein;

8.　　For costs of suit incurred herein and attorneys' fees pursuant to, *inter alia*, Labor Code §§ 218.5;

9.　　For injunctive relief;

10.　For pre-judgment and post-judgment interest as provided by law; and

11.　For such other and further relief as this Court deems just and proper.

*Nalley v. Valeant Pharmaceuticals*
Second Amended Complaint

Respectfully submitted,

Date: October 20, 2016              HOFFMAN EMPLOYMENT LAWYERS, PC

_____

Stephen Noel Ilg
Attorneys for Plaintiff

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-21-

*Nalley v. Valeant Pharmaceuticals*
Second Amended Complaint