1  JESSICA L. LINEHAN (SBN 223569)
   linehan.jessica@dorsey.com
2  JOEL O'MALLEY (SBN 262958)
   omalley.joel@dorsey.com
3  JILL A. GUTIERREZ (SBN 258138)
   gutierrez.jill@dorsey.com
4  DORSEY & WHITNEY LLP
   600 Anton Boulevard, Suite 2000
5  Costa Mesa, CA 92626
   Telephone: (714) 800-1400
6  Facsimile: (714) 800-1499

7  Attorneys for Defendants
   VALEANT PHARMACEUTICALS NORTH
8  AMERICA and VALEANT
   PHARMACEUTICALS INTERNATIONAL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET NALLEY, as an individual,<br><br>Plaintiff,<br><br>vs.<br><br>VALEANT PHARMACEUTICALS NORTH AMERICA, a Delaware corporation, VALEANT PHARMACEUTICALS INTERNATIONAL, a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO: 3:16-CV-03835-EDL<br><br>[Sonoma County Superior Court Case No. SCV258926]<br><br>**DEFENDANTS VALEANT PHARMACEUTICALS NORTH AMERICA AND VALEANT PHARMACEUTICALS INTERNATIONAL'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES**<br><br>Complaint Filed: June 7, 2016<br>First Amended Complaint Filed: Sept. 13, 2016<br>Second Amended Complaint Filed: Oct. 20, 2016<br>Trial Date: November 6, 2017 |

///

///

///

Defendants Valeant Pharmaceuticals North America ("VPNA") and Valeant Pharmaceuticals International ("VPI") (collectively, "Defendants") hereby answer Plaintiff Margaret Nalley's ("Nalley" or "Plaintiff") Second Amended Complaint as follows:

1. Defendants admit that Plaintiff was employed by Valeant Pharmaceuticals North America, LLC. With respect to the allegations set forth in paragraph 1 of the Second Amended Complaint regarding jurisdiction and venue are legal conclusions, to which no response is required.

2. Defendant VPNA denies that it is a Delaware corporation with its corporate headquarters in Aliso Viejo, California. Rather, VPNA was and is a limited liability company organized under the laws of the State of Delaware; VPNA has maintained its headquarters and principal place of business in Bridgewater, New Jersey. VPNA admits it is authorized to do and conduct business in the State of California.

3. With respect to the allegations set forth in paragraph 2 of the Second Amended Complaint, Defendant VPI admits that it is a Delaware corporation registered to do business in the State of California. Defendant admits that it is a pharmaceutical company with its United States headquarters located in Bridgewater, New Jersey.

4. Defendants deny the allegations set forth in paragraph 3 of the Second Amended Complaint.

5. The allegations set forth in paragraph 5 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

6. Defendants deny the allegations set forth in paragraph 4 of the Second Amended Complaint.

7. With respect to the allegations set forth in paragraph 7 of the Second Amended Complaint, Defendant VPNA admits that it was Plaintiff's employer. Defendant VPI denies that it was Plaintiff's employer, or that it controlled Plaintiff or

all Defendants or that it engaged in acts consistent with an employer-employee relationship as between Plaintiff and VPI.

8. The allegations set forth in paragraph 8 of the Second Amended Complaint regarding jurisdiction and venue are legal conclusions, to which no response is required.

9. The allegations set forth in paragraph 9 of the Second Amended Complaint regarding jurisdiction and venue are legal conclusions, to which no response is required.

10. Defendant VPNA admits that it employs five or more persons in the State of California such that it is subject to the Fair Employment and Housing Act.

11. With respect to the allegations set forth in paragraph 11 of the Second Amended Complaint, Defendants lack sufficient information to admit or deny those allegations, and on that basis denies those allegations.

12. With respect to the allegations set forth in paragraph 12 of the Second Amended Complaint, Defendants lack sufficient information to admit or deny those allegations, and on that basis denies those allegations.

13. With respect to the allegations set forth in paragraph 13 of the Second Amended Complaint, Defendants lack sufficient information to admit or deny those allegations, and on that basis denies those allegations.

14. The allegations set forth in paragraph 14 of the Second Amended Complaint regarding preemption are legal conclusions, to which no response is required.

15. With respect to the allegations set forth in paragraph 15 of the Second Amended Complaint, Defendants lack sufficient information to admit or deny those allegations, and on that basis denies those allegations. Defendant VPNA further denies misleading Plaintiff.

16. With respect to the allegations set forth in paragraph 16 of the Second Amended Complaint, Defendants lack sufficient information to admit or deny those allegations, and on that basis denies those allegations.

17. With respect to the allegations set forth in paragraph 17 of the Second Amended Complaint, Defendants lack sufficient information to admit or deny those

allegations, and on that basis denies those allegations.

18. With respect to the allegations set forth in paragraph 18 of the Second Amended Complaint, Defendants lack sufficient information to admit or deny those allegations, and on that basis denies those allegations.

19. With respect to the allegations set forth in paragraph 18 of the Second Amended Complaint, Defendants admit that Plaintiff was asked for a doctor's note. With respect to the remainder of the allegations in this paragraph, Defendants lack sufficient information to admit or deny those allegations, and on that basis denies those allegations.

20. With respect to the allegations set forth in paragraph 20 of the Second Amended Complaint, Defendants lack sufficient information to admit or deny those allegations, and on that basis denies those allegations.

21. Defendants admit that Plaintiff resigned her position as set forth in paragraph 21of the Second Amended Complaint.

22. The allegations set forth in paragraph 22 of the Second Amended Complaint are legal conclusions, to which no response is required.

23. The allegations set forth in paragraph 5 of the Second Amended Complaint are re-allegations of paragraphs 1 through 22, to which Defendants incorporate by reference its responses thereto and other defenses as asserted herein, or hereafter.

24. The allegations set forth in paragraph 22 of the Second Amended Complaint are legal conclusions, to which no response is required.

25. The allegations set forth in paragraph 25 of the Second Amended Complaint are legal conclusions, to which no response is required.

26. The allegations set forth in paragraph 26 of the Second Amended Complaint are legal conclusions, to which no response is required.

27. The allegations set forth in paragraph 27 of the Second Amended Complaint are legal conclusions, to which no response is required.

28. The allegations set forth in paragraph 28 of the Second Amended Complaint are legal conclusions, to which no response is required.

29. The allegations set forth in paragraph 29 of the Second Amended Complaint are legal conclusions, to which no response is required.

30. The allegations set forth in paragraph 30 of the Second Amended Complaint are legal conclusions, to which no response is required.

31. The allegations set forth in paragraph 31 of the Second Amended Complaint are legal conclusions, to which no response is required.

32. The allegations set forth in paragraph 32 of the Second Amended Complaint are legal conclusions, to which no response is required.

33. Defendants deny the allegations set forth in paragraph 33 of the Second Amended Complaint.

34. Defendants deny the allegations set forth in paragraph 34 of the Second Amended Complaint.

35. Defendants deny the allegations set forth in paragraph 35 of the Second Amended Complaint.

36. Defendants deny the allegations set forth in paragraph 36 of the Second Amended Complaint.

37. The allegations set forth in paragraph 37 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

38. With respect to the allegations set forth in paragraph 38 of the Second Amended Complaint, Defendants lack sufficient information to admit or deny those allegations, and on that basis denies those allegations.

39. The allegations set forth in paragraph 39 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

40. The allegations set forth in paragraph 40 of the Second Amended Complaint are re-allegations of paragraphs 1 through 39, to which Defendants incorporate by reference its responses thereto and other defenses as asserted herein, or hereafter.

41. Defendants admit the allegations set forth in paragraph 41 of the Second Amended Complaint.

42. The allegations set forth in paragraph 42 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

43. The allegations set forth in paragraph 43 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

44. Defendants deny the allegations set forth in paragraph 44 of the Second Amended Complaint.

45. Defendants deny the allegations set forth in paragraph 45 of the Second Amended Complaint.

46. Defendants deny the allegations set forth in paragraph 46 of the Second Amended Complaint.

47. The allegations set forth in paragraph 47 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

48. The allegations set forth in paragraph 48 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

49. The allegations set forth in paragraph 49 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

50. The allegations set forth in paragraph 50 of the Second Amended

Complaint are re-allegations of paragraphs 1 through 49, to which Defendants incorporate by reference its responses thereto and other defenses as asserted herein, or hereafter.

51. The allegations set forth in paragraph 51 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

52. The allegations set forth in paragraph 52 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

53. The allegations set forth in paragraph 53 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

54. The allegations set forth in paragraph 54 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

55. The allegations set forth in paragraph 55 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

56. The allegations set forth in paragraph 56 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

57. With respect to the allegations set forth in paragraph 57 of the Second Amended Complaint, Defendants lack sufficient information to admit or deny those allegations, and on that basis denies those allegations.

58. Defendant admits that its personnel had various discussions with Plaintiff. With respect to the remaining allegations set forth in paragraph 58 of the Second Amended Complaint, Defendants lack sufficient information to admit or deny those allegations, and on that basis denies those allegations.

59. With respect to the remaining allegations set forth in paragraph 59 of the Second Amended Complaint, Defendants lack sufficient information to admit or deny those allegations, and on that basis denies those allegations.

60. Defendants deny the allegations set forth in paragraph 60 of the Second Amended Complaint.

61. The allegations set forth in paragraph 61 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

62. The allegations set forth in paragraph 62 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

63. Defendants deny they failed to prevent disability discrimination or constructively terminated Plaintiff. The remaining allegations set forth in paragraph 63 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

64. Defendants deny they engaged in discrimination or harassment against Plaintiff with respect to her employment. The remaining allegations set forth in paragraph 64 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

65. The allegations set forth in paragraph 65 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

66. The allegations set forth in paragraph 66 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

67. The allegations set forth in paragraph 67 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

68. The allegations set forth in paragraph 68 of the Second Amended Complaint are re-allegations of paragraphs 1 through 67, to which Defendants incorporate by reference its responses thereto and other defenses as asserted herein, or hereafter.

69. The allegations set forth in paragraph 69 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

70. Defendants deny the allegations set forth in paragraph 70 of the Second Amended Complaint.

71. Defendants deny the allegations set forth in paragraph 71 of the Second Amended Complaint.

72. The allegations set forth in paragraph 72 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

73. The allegations set forth in paragraph 73 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

74. The allegations set forth in paragraph 74 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

75. The allegations set forth in paragraph 75 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

76. The allegations set forth in paragraph 76 of the Second Amended Complaint are re-allegations of paragraphs 1 through 75, to which Defendants

incorporate by reference its responses thereto and other defenses as asserted herein, or hereafter.

77. With respect to the allegations set forth in paragraph 77 of the Second Amended Complaint, Defendants lack sufficient information to admit or deny those allegations, and on that basis denies those allegations.

78. The allegations set forth in paragraph 78 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

79. Defendants deny the allegations set forth in paragraph 79 of the Second Amended Complaint.

80. Defendants deny the allegations set forth in paragraph 80 of the Second Amended Complaint.

81. Defendants deny the allegations set forth in paragraph 81 of the Second Amended Complaint.

82. With respect to the allegations set forth in paragraph 82 of the Second Amended Complaint, Defendants lack sufficient information to admit or deny those allegations, and on that basis denies those allegations.

83. Defendants deny the allegations set forth in paragraph 79 of the Second Amended Complaint.

84. Defendants deny the allegations set forth in paragraph 84 of the Second Amended Complaint.

85. The allegations set forth in paragraph 85 of the Second Amended Complaint are re-allegations of paragraphs 1 through 84, to which Defendants incorporate by reference its responses thereto and other defenses as asserted herein, or hereafter.

86. Defendants admit the allegations set forth in paragraph 86 of the Second Amended Complaint.

87. Defendants deny the allegations set forth in paragraph 87 of the Second Amended Complaint.

88. The allegations set forth in paragraph 88 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

89. Defendants deny the allegations set forth in paragraph 87 of the Second Amended Complaint.

90. Defendants deny the allegations set forth in paragraph 87 of the Second Amended Complaint.

91. Defendants deny the allegations set forth in paragraph 91 of the Second Amended Complaint.

92. The allegations set forth in paragraph 92 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

93. The allegations set forth in paragraph 93 of the Second Amended Complaint are re-allegations of paragraphs 1 through 92, to which Defendants incorporate by reference its responses thereto and other defenses as asserted herein, or hereafter.

94. The allegations set forth in paragraph 92 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

95. With respect to the allegations set forth in paragraph 77 of the Second Amended Complaint, Plaintiff fails to specify what compensation she believes was withheld, if any, and as such, Defendants lack sufficient information to admit or deny those allegations, and on that basis denies those allegations.

96. The allegations set forth in paragraph 96 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

11
DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES
CASE NO. 3:16-CV-03835-EDL

97. The allegations set forth in paragraph 97 of the Second Amended Complaint are legal conclusions, to which Defendants are not required to respond. To any extent a response is required, Defendants deny those allegations.

**PRAYER FOR RELIEF**

1. Defendants deny that Plaintiff is entitled to any of the relief she seeks against Defendants in subsection 1 of the Prayer for Relief.

2. Defendants deny that Plaintiff is entitled to any of the relief she seeks against Defendants in subsection 2 of the Prayer for Relief.

3. Defendants deny that Plaintiff is entitled to any of the relief she seeks against Defendants in subsection 3 of the Prayer for Relief.

4. Defendants deny that Plaintiff is entitled to any of the relief she seeks against Defendants in subsection 4 of the Prayer for Relief.

5. Defendants deny that Plaintiff is entitled to any of the relief she seeks against Defendants in subsection 5 of the Prayer for Relief.

6. Defendants deny that Plaintiff is entitled to any of the relief she seeks against Defendants in subsection 6 of the Prayer for Relief.

7. Defendants deny that Plaintiff is entitled to any of the relief she seeks against Defendants in subsection 7 of the Prayer for Relief.

8. Defendants deny that Plaintiff is entitled to any of the relief she seeks against Defendants in subsection 8 of the Prayer for Relief.

9. Defendants deny that Plaintiff is entitled to any of the relief she seeks against Defendants in subsection 9 of the Prayer for Relief.

10. Defendants deny that Plaintiff is entitled to any of the relief she seeks against Defendants in subsection 10 of the Prayer for Relief.

11. Defendants deny that Plaintiff is entitled to any of the relief she seeks against Defendants in subsection 8 of the Prayer for Relief.

# AFFIRMATIVE DEFENSES

As separate and distinct defenses to Plaintiff's alleged causes of action, and each of them, Defendants, without conceding that they bear the burden of proof as to any of them, and without in any way admitting any of the allegations of the Second Amended Complaint, allege as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

The Second Amended Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Second Amended Complaint, and each purported cause of action contained therein, is barred in its entirety by the applicable statute(s) of limitations, including but not limited to Code of Civil Procedure sections 335, 338, and/or 340.

## THIRD AFFIRMATIVE DEFENSE

### (No Liability)

Because, *inter alia*, Plaintiff resigned her employment with Defendants, and was not terminated, Defendants allege that they committed no wrongful acts as to Plaintiff and, therefore, is not responsible for the damages to Plaintiff, if any there be.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

Defendants are informed and believe and thereon allege that by virtue of the knowledge, statements and conduct of Plaintiff, her agents, employees and/or representatives, including but not limited to Plaintiff's resignation from her job, Plaintiff has waived any right to bring this action.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

Defendants are informed and believe and thereon allege that Plaintiff, by virtue of her acts, omissions, conduct, statements and/or representations, including but not limited to Plaintiff's resignation from her job, is estopped from bringing this action.

## SIXTH AFFIRMATIVE DEFENSE

### (No Loss)

Defendants are informed and believe and thereon allege that Plaintiff has sustained no loss or damages as a result of the conduct of Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Because, *inter alia*, Plaintiff resigned her employment with Defendants, and was not terminated, Defendants are informed and believe and thereon allege that the Second Amended Complaint, and each purported cause of action contained therein, is barred because Plaintiff failed to mitigate her damages, if any there be.

## EIGHTH AFFIRMATIVE DEFENSE

### (Legitimate Non-retaliatory Reason)

Defendants are informed and believe and thereon allege that Defendants had a legitimate nondiscriminatory business reason for their actions toward

Plaintiff unrelated to any activity allegedly engaged in by Plaintiff pursuant to Labor Code § 1102.5.

## NINTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

Defendants are informed and believe and thereon allege that any injury or damage allegedly suffered by Plaintiff was caused or contributed to by the negligence, fault, breach of contract, and/or other wrongful or tortious conduct of persons or entities other than Defendants, including, without limitation, Plaintiff, or others, and said acts or omissions comparatively reduce the percentage of negligence, fault and/or liability, if any, of Defendants.

## TENTH AFFIRMATIVE DEFENSE
### (No Causation)

Defendants are informed and believe and thereon allege that the injuries or damages allegedly suffered by Plaintiff were the result of causes independent of the purported acts, omissions or breaches on the part of Defendants, thereby eliminating or reducing any alleged liability.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Contribution)

Because, *inter alia*, Plaintiff resigned her employment with Defendants, and was not terminated, Defendants are informed and believes and thereon alleges that the injuries or damages allegedly suffered by Plaintiff were caused and contributed to, in all or in part, by the negligence or fault of Plaintiff, or others, and said acts or omissions entitle Defendants to contribution from said individuals and entities, and each of them.

## TWELFTH AFFIRMATIVE DEFENSE
### (Laches)

Defendants are informed and believe and thereon allege that the Second Amended Complaint, and each purported cause of action contained therein, is

barred by the doctrine of laches as a result of Plaintiff's unreasonable delay in bringing this action, which caused unfair prejudice to Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Justification)

The alleged acts and/or omissions of Defendants are justified under the circumstances because Defendants acted reasonably and in good faith to protect their interests.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Ratification)

Plaintiff's purported causes of action, and each of them, are barred as Plaintiff has ratified and approved those purported acts of which she now complains.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Preemption)

Defendants are informed and believe and thereon allege that and each and every cause of action, and remedies sought, are barred to the extent they are preempted by the Employee Retirement Income Security Act ("ERISA").

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Preemption by Workers' Compensation Act)

To the extent Plaintiff seeks damages for purported workplace injuries, including but not limited to physical and mental pain and suffering and emotional distress, the exclusive remedy for such injuries is the Workers' Compensation Act of the State of California, Labor Code section 3200 *et seq*.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Loss Attributable to Defendants)

Because, *inter alia*, Plaintiff resigned her employment with Defendants, and was not terminated, Defendants are informed and believe and thereon allege

that any damage, loss or injury Plaintiff may have suffered was not caused by or attributable to Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Jurisdiction)

The Second Amended Complaint, and each purported cause of action contained therein, is barred in its entirety because jurisdiction is improper as to the claims and causes of action asserted.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully pray for judgment as follows:

1. Plaintiff takes nothing by way of her Second Amended Complaint;

2. That the Second Amended Complaint be dismissed in its entirety with prejudice;

3. That Plaintiff be denied each and every demand and prayer for relief contained in the Second Amended Complaint, including but not limited to denial of any claims for injunctive relief, statutory and punitive damages as well as attorneys' fees and costs of suit;

4. For costs of suits incurred herein including reasonable attorneys' fees; and

5. For such other and further relief as the Court deems just, proper and equitable.

DATED: November 7, 2016　　　　　　DORSEY & WHITNEY LLP

By: */s/ Jessica L. Linehan*
　　Jessica L. Linehan
　　Joel O'Malley
　　Jill A. Gutierrez
　　Attorneys for Defendants VALEANT PHARMACEUTICALS NORTH AMERICA and VALEANT PHARMACEUTICALS INTERNATIONAL

# CERTIFICATE OF SERVICE

All Case Participants are registered for the USDC CM/ECF System

*Margaret Nalley vs. Valeant Pharmaceuticals North America, Valeant Pharmaceuticals International, and DOES 1 through 100, inclusive Northern District of California Case Number 3:16-CV-03835-EDL*

**DEFENDANTS VALEANT PHARMACEUTICALS NORTH AMERICA AND VALEANT PHARMACEUTICALS INTERNATIONAL'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES**

I hereby certify that on November 7, 2016, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

By: */s/ Jessica L. Linehan*
Jessica L. Linehan